IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK PEREZ, )
    ID # 1669682, )
        Plaintiff, )
vs. ) No. 3:10-CV-2390-K-BH
)
JOHN DOE, et al., )
        Defendants. ) Referred for Pretrial Management

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed as time-barred.

**I. BACKGROUND**

Plaintiff filed this action under 42 U.S.C. § 1983 against three unnamed employees at the Farmers Branch city jail, one of whom is a sergeant, on November 23, 2010. He claims that these unnamed jail employees assaulted him by dragging him from his cell, choking him, and spraying him with an unknown chemical on or about November 24, 2008. (Compl. at 3-4). The alleged assault was videotaped, and Plaintiff's wife obtained a DVD copy of the videotape from retained counsel about a year and a half ago. (Magistrate Judge Questionnaire ("MJQ") #1, Ans. 2; MJQ #3, Ans. 1, 2). He has sought help from the Prisoner Advocacy Group to obtain the names of the three defendants but has been unsuccessful. (MJQ #3, Ans. 2).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*,

156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  JOHN DOE DEFENDANTS

Plaintiff sues three unidentified jail employees.  A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned.  *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney).  "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants."  *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir.

1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Here, because the alleged assault was videotaped, and Plaintiff's counsel and wife obtained a copy of the tape, the identities of the defendants can be obtained through discovery. Plaintiff's suit against unknown defendants is therefore permissible.

## IV. STATUTE OF LIMITATIONS

The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general

statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, and Plaintiff therefore had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff alleges that the defendants assaulted him on or about November 24, 2008. He knew the factual basis for his claims on that day, so his claims accrued on that date. Plaintiff filed his suit on November 23, 2010, one day before the two-year statute of limitations expired. Any attempt to name the unknown defendants will occur after the limitations period has expired, so the claims against them will be time-barred in the absence of equitable tolling.[1]

---

[1] Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment changing the name of a party to a pleading may relate back to the date of the original complaint for limitations purposes when there has been a mistake in identifying a defendant. The Fifth Circuit has made clear that an amendment to substitute a named party for a John Doe defendant does not relate

4

## V. TOLLING

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). The Fifth Circuit has stated that "[t]he doctrine of equitable tolling preserves a plaintiff's claims the strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff has known of the basis for his claims since November 24, 2008. He concedes that as of May 2011, his wife had possessed the DVD of the assault that she obtained from retained counsel for about a year and a half. Despite her possession of the tape for about a year before the limitations period ran, and his retained counsel's possession before then, he waited until one day before the statute of limitations expired to file suit. While the Fifth Circuit has held that a plaintiff should be given a reasonable time to conduct discovery, Plaintiff did not allow any time for discovery before the statute of limitations elapsed. Although he claims he sought assistance from

---

back under Rule 15(c) because use of a John Doe designation is the result of lack of knowledge rather than a mistake. *Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998)*; see also Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (post-limitations attempt to amend complaint to substitute named defendants for John Does was futile because claims did not relate back and therefore were time-barred).

5

the Prisoner Advocacy Group but was unsuccessful, he has not shown why he could not have filed suit earlier. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit discovery of their identities. *See Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (finding no entitlement to equitable tolling where the defendants were added to the suit after the limitations had expired because suit was filed only two months before limitations ran and the plaintiff therefore did not allow time for discovery to be conducted); *Nazerzadeh v. Harris County*, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran); *compare Green v. Doe*, 260 Fed. Appx. at *2 (finding entitlement to equitable tolling in context of motion to amend complaint to name defendant after limitations had run where suit was filed eleven months before limitations expired and repeated denials of plaintiff's discovery motions had prevented him from timely determining the identity of the defendant). Plaintiff's claims against the unknown defendants should therefore be dismissed as barred by the statute of limitations.

## VI. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on his failure to file suit against named defendants within the statutory period of limitations. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C.§ 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 1st day of June, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE